**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01CR178**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **MEMORANDUM** |
| Vs. ) | **OF DECISION and ORDER** |
| ) | |
| **JAMES EDWARD BYRD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Sentence Reduction (#262) made pursuant to 18 U.S.C. 3582 and U.S.S.G. Amendment 750. Defendant has filed such motion even though this court denied relief under Amendment 750 on October 5, 2012. See Order (#261). In an abundance of caution, the court has closely reviewed the instant motion as well as the court's earlier Order and determined that defendant remains entitled to no relief.

**FINDINGS AND CONCLUSIONS**

**I.    Procedural History**

Defendant was charged along with three others in a five-count Bill of Indictment returned September 10, 2001. United States v. Byrd, et al., 3:01cr178-1 (W.D.N.C. 2001) (hereinafter "Byrd") (Byrd, Indictment, #1). In Count One of the Indictment, the Grand Jury charged defendant with conspiracy to possess with intent to distribute cocaine base in violation of 21, United States Code, Sections 846 and 841(a)(1) and further alleged

that the conspiracy involved over 50 grams of cocaine base (hereinafter "crack" or "crack cocaine"). Id. After trial before Honorable H. Brent McKnight, United States District Judge, the jury returned a verdict of guilty against defendant on November 7, 2003, as to Count One. Verdict (#140). The co-defendants all pled guilty.

On October 26, 2004, Honorable Richard L. Voorhees, United States District Judge, sentenced defendant to 360 months of imprisonment followed by a five-year term of supervised release. Byrd Judgment I, #154. On direct review, defendant appealed both his conviction and his sentence and on September 19, 2005, the Court of Appeals for the Fourth Circuit affirmed defendant's conviction, but vacated his sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. Byrd, 151 F. App'x 218, 220-21 (4th Cir. 2005) (Byrd Opinion, Judgment, and Mandate of USCA, #s 161, 162, & 163). On remand, Judge Voorhees convened a resentencing hearing on October 26, 2006, and entered the First Amended Judgment (Byrd Judgment II, #176) consistent therewith on November 16, 2006. Defendant received 240 months imprisonment followed by five years of supervised release. Id. The First Amended Judgment was thereinafter amended to correct a clerical error. Byrd Judgment III, #185.

Defendant appealed the Second Amended Judgment to the Court of Appeals for the Fourth Circuit, which affirmed Judge Voorhees' sentence. United States v. Byrd, 238 F. App'x. 948 (4th Cir. 2007) (Byrd Opinion, Notice of Judgment, Judgment, and Mandate of USCA, #s 194, 195, 196, & 197). Taking issue with the determination of the

appellate court, defendant sought review by *writ of certiorari* in the United States Supreme Court, which the Court granted and vacated the Second Amended Judgment (Byrd, #185) and remanded the action to the Fourth Circuit for further consideration in light of Gall v. United States, 552 U.S. 38 (2007). See Byrd v. United States, 552 U.S. 1137 (2008). After consideration of such action in light of Gall, the Fourth Circuit remanded the case to this court for a second resentencing. United States v. Byrd, 278 F. App'x. 277 (4th Cir. 2008) (Byrd Opinion and Mandate of USCA, #s 208 & 209).

On August 11, 2008, the second re-sentencing hearing was held before Honorable Martin Reidinger, United States District Judge, and thereinafter the court entered the Third Amended Judgment on August 21, 2008, again sentencing defendant to 240 months imprisonment followed by five years of supervised release. Byrd, Judgment IV #223. Again, defendant appealed the Third Amended Judgment to the Court of Appeals for the Fourth Circuit, which affirmed Judge Reidinger's judgment by an opinion entered January 15, 2010. United States v. Byrd, 361 F. App'x. 465 (4th Cir. 2010) (Byrd Opinion and Mandate #s 254 &255).

In accordance with Amendment 750 ("Crack II"), pretrial service completed and filed a supplemental Presentence Investigation Report, which was sent to defendant's counsel of record. In that report, pretrial services reported that defendant had in the original sentencing been held responsible for 874 grams of cocaine base, Further, the report provided that under Amendment 750, defendant had a total offense level of 37 and a criminal history of VI, which yielded a guidelines range of 360 months to life

imprisonment. As defendant's guidelines range pursuant to USSG § 5G1.1 was 240 months, application of Amendment 750 resulted in no reduction to the sentence previously imposed.

## II. Defendant's Claims

First, defendant contends that his § 3582 claim is late because the Federal Defender's Office failed to file a motion on his behalf, even though he states that they promised to file a motion on his behalf. He further claims that after such contact with the FDO, he was hospitalized and apparently unable to file a motion pro se. The court will accept these reasons and consider defendant's motion as if it were timely submitted.

First, defendant contends that all of his co-defendants have now been released, with the most recent release being due to application of the Fair Sentencing Act. He contends that he was sentenced to twice the amount of time as his codefendants despite only being charged in one count of the five-count Indictment, solely because he chose to go to trial. None of these reasons is a basis for relief under § 3582(c)(2) or under Amendment 750. Specifically, Section 3582(c)(2) provides, as follows:

> (c) Modification of an Imposed Term of Imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> ***
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Review of the docket reveals that defendant has previously exhausted his ability to collaterally attack his conviction and sentencing under 28 U.S.C. §2255. See Byrd v. United States, 3:10cv602. Thus, defendant's first argument is without merit.

Second, defendant argues that he is entitled to relief because he was only charged with 24 grams of crack cocaine. Review of the Count One of the Indictment reveals that such contention is not accurate as paragraph two of Count One specifically alleges that "[s]aid offense involved in excess of 50 grams of a mixture and substance containing a detectable amount of cocaine base." Indictment (#1) at 1. Such amount is consistent with the Information filed the same day, Information (#2) at 1, and was sustained by the jury when it returned its Special Verdict. Verdict (#140) at 2.

Review of the Final Presentence Investigation Report (#210) relied on by this court during defendant's last resentencing in 2008 reveals that defendant was held responsible for 874 grams of cocaine base. Further review of that report reveals that the 24[.4] grams defendant states herein he was responsible for is derived from the weight of the crack that he was found to be in possession of on June 25, 1999, when he was arrested. The remainder of the crack that was attributed to defendant was derived from reports that Maurico Evans sold defendant six ounces per month for five months to defendant, for a total of 850 grams. When added to the 24.4 grams, 874 grams of crack cocaine is and always had been the correct amount attributable to defendant. Amendment 750 in no way changed the facts found in any case, but instead lowered the base offense

levels applicable to the amount of controlled substances for which a defendant was held responsible.

Turning to the supplemental presentence report submitted pursuant to Amendment 750, pretrial services determined a total offense level under such amendment of 37. Under USSG 2D1.1 as amended, 875 grams of crack cocaine correspond to a base level of 34. As defendant had a victim-related adjustment of three levels based on assaulting a public safety officer at the time of his arrest, pretrial services properly added 3 levels to the base offense level of 34 for a total offense level of 37. Thus, with a criminal history category of VI, defendant's advisory guideline range was 360 months to life. As the maximum possible penalty for the offense of conviction was 20 years, the advisory guideline became 240 months. U.S.S.G. § 5G1.1. Inasmuch as defendant was previously sentenced to 240 months imprisonment, Amendment 750 provides defendant with no relief.

Third, defendant contends that his sentence should be lowered based on being reformed while in custody as well as his good behavior. Under § 3582(c)(2), such factors, while commendable, do not provide an independent basis for relief.

**ORDER**

**IT IS, THEREFORE ORDERED** that defendant's pro se Motion for Sentence Reduction (#262) is **DENIED** and the court's previous Order Denying Sentence Reduction (#261) is **REAFFIRMED.**

Signed: March 11, 2013

Max O. Cogburn Jr.
United States District Judge